MIGUEL OLIVERAS SEPÚLVEDA, Petitioner, v. GERARDO DELGADO, WARDEN, Respondent.

No. HC-64-35. Decided December 29, 1964.

---

*Miguel Oliveras Sepúlveda, pro se, Víctor Tirado Saltares,* and
*Edna Abruña Rodríguez* for petitioner. *J. B. Fernández
Badillo, Solicitor General,* and *Peter Ortiz, Assistant Solicitor
General,* for respondent.

Division composed of Mr. Justice Blanco Lugo, as Chief Judge
of Division, pro tempore, Mr. Justice Dávila, and Mr. Jus-
tice Ramírez Bages.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

On July 21, 1958, the Superior Court, Ponce Part, entered
six judgments sentencing the petitioner, Miguel Oliveras Se-
púlveda, to indeterminate sentences of from one to two years
imprisonment in the penitentiary in each case. It provided
that minimum terms would be served concurrently and maxi-
mum terms consecutively. Such sentences were the result of
his conviction in six criminal cases for the offense of forgery.
He was committed to the State Penitentiary on August 20 of
that year. He had been awaiting trial for a period of 2
months and 4 days, for terms of 1 month and 14 days once,

and 18 days another, during which he was committed to various penal institutions.

From October 1, 1962 until September 23, 1964, the petitioner was on parole granted to him by the Parole Board. On the latter date the Board issued a warrant of arrest against petitioner, which was executed on the following 28th in the city of New York. On September 30 he was remanded to the penitentiary where he remains under the custody of the respondent.

On October 16, on his own initiative, Oliveras filed a petition in this Court which he entitled "motion to correct adjustment of sentences," which we considered as a petition for habeas corpus, inasmuch as, in essence, it alleges that he is illegally deprived of his liberty because he had served in full the sentences imposed upon him. He bases his argument in that the minimum terms being concurrent—a year which he has undoubtedly already served—he only had to serve the additional year for each one of the other sentences, that is, six more years. In other words, that according to the manner in which the court imposed the sentences, they are reduced to a total of seven years of imprisonment. We issued the writ.[1]

 1—We have repeatedly held that an indeterminate sentence is for the maximum of the penalty imposed. Concurring opinion in *People* v. *Túa*, 89 P.R.R. 415 (1963); *Emanuelli* v. *District Court*, 74 P.R.R. 506, 519 (1953), ratified in *People* v. *Flores*, 77 P.R.R. 623, 626 (1954).[2]

---

[1] Upon issuing the writ we designated the attorneys of the Legal Aid Society to represent the prisoner. At the hearing we asked the attorneys if they wanted to amend the pleadings, to which they replied it was not necessary. Both the petitioner and his lawyers declared that they had had sufficient time for consultation and that no further conferences were necessary.

[2] It is because of this that for the purposes of computing the bonus for good behavior, the maximum is taken into consideration to determine the date on which sentence is finally served.

Concerning suspended sentences, § 3 of Act No. 259 of April 3, 1946,

This being the case, the petitioner must serve six sentences consecutively for a term of two years each. The minimum term serves no other purpose than that of fixing the time at which the prisoner is eligible to have his case considered so that he may be freed on parole, § 2 of Act No. 295 of April 10, 1946, 34 L.P.R.A. § 1025. The only practical effect of the concurrent minimum terms provided in 1958 by the trial court was to expedite, on behalf of the prisoner, the date on which the Parole Board could consider his case. As we stated in *Gutiérrez v. Delgado, Warden*, 86 P.R.R. 309 (1962), a "formula . . . created by the judges which flows from a sense of mercy in their desire to benefit the convict." And we added, "There can be no doubt that a sentence thus pronounced is more beneficial to the convict than if it had been pronounced to be served consecutively in its minimum as well as in its maximum, and on the other hand, there was nothing to force the judge to pronounce it concurrently in its maximum as well as in its minimum." If it had not been provided that minimum terms would be served concurrently, Oliveras would have had to serve all the minimum terms— 6 years in all—before becoming eligible for such benefit.[3]

■ In the separate motion filed by petitioner's attorneys, it is stated that, in any event, for the computation of allowance for good behavior, it should be held that we are dealing with a 12-year sentence and, therefore, he is entitled to a reduction of 10 days per month, instead of 6 days per month

---

34 L.P.R.A. § 1028 provides that the duration of the probation period shall be the same as the duration of the maximum term of the sentence. As stated in *Lebrón Pérez v. Warden, District Court, ante,* p. 550, all this legislation is part of a new approach initiated in 1946 for the rehabilitation of delinquent adults.

[3] This is not the present situation because Act No. 117 of June 26, 1961 amended § 2 of the Parole Act in the sense that in cases of persons sentenced to more than one indeterminate sentence, whether such sentences are to be served concurrently or consecutively, the Board shall acquire jurisdiction when the prisoner has served a prison term equal to the largest minimum.

as the respondent has done, considering that there are involved six independent sentences of two years each, § 1 of Act of March 14, 1907, 4 L.P.R.A. § 633. For the reasons stated in disposing of the main allegation of the petition this contention cannot prosper, but assuming it to be correct we could not order his release from the penitentiary because, according to his own allegations, he would have to serve 8 calendar years which he has not yet served.

■ 2—It is not necessary to decide in this proceeding whether the reduction for good conduct was appropriate during the term the petitioner was on parole, inasmuch as the revocation thereof clearly shows that he committed a violation of the conditions imposed upon him. See § 1 together with § 3 of the Act of March 14, 1907, 4 L.P.R.A. §§ 633 and 635.

The writ issued shall be quashed and the petition for habeas corpus shall be denied.